UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELIZABETH SINES, SETH WISPELWEY,
MARISSA BLAIR, APRIL MUÑIZ, MARCUS
MARTIN, NATALIE ROMERO, CHELSEA
ALVARADO, JOHN DOE, and THOMAS BAKER,

                       Movants,

                       -v.-

MILO YIANNOPOULOS,

                       Respondent.

20 Misc. 241 (KPF)

**OPINION AND ORDER**

---

KATHERINE POLK FAILLA, District Judge:

Movants are plaintiffs in a civil rights lawsuit currently pending in the United States District Court for the Western District of Virginia, captioned *Sines* v. *Kessler*, No. 17 Civ. 72 (W.D. Va.) (NKM) (the "Underlying Suit"). (Dkt. #1). Pending before the Court is Movants' renewed motion to compel Respondent, Milo Yiannopoulos, to disclose the identity of two confidential sources. For the reasons set forth below, the Court grants Movants' motion and orders Respondent, within fourteen (14) days of the date of this Opinion and Order, to disclose to Movants the names and locations of his confidential sources.

## BACKGROUND[1]

The Court presumes familiarity with the facts and history of this case, which the Court previously articulated in resolving Movants' first motion to

---

[1] The facts recounted herein are drawn from Movants' submissions in support of their renewed motion to compel. For ease of reference, the Court refers to the submissions as follows: Movants' letter brief in support of the renewed motion to compel is referred to as "Mov. 2d Br." (Dkt. #26); and the exhibits attached to the Declaration of Michael L.

compel. *See Sines* v. *Yiannopoulos*, No. 20 Misc. 241 (KPF), 2020 WL 6058279, at *1-3 (S.D.N.Y. Oct. 14, 2020) ("*Sines I*").  The Court therefore provides only information relevant to resolving the instant motion.

Movants are individuals who were allegedly injured at the so-called "Unite the Right" rally (the "Rally"), which occurred on August 11 and 12, 2017, in Charlottesville, Virginia.  (MTC 3).  In the Underlying Suit, they allege that the defendants, the principal organizers of the Rally, conspired to violate their civil rights in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1985(3).  (*Id.*).  Before this Court, Movants seek to compel Respondent to comply with a previously-issued subpoena by disclosing the names of his confidential sources.  These sources purportedly possess recordings of meetings where the defendants and others planned the Rally.  (*Id.*; *see also* Dkt. #25).  Respondent, proceeding *pro se*, objects to the subpoena on the ground that the identities of his sources are protected by the journalist's privilege.  (*See generally* Resp. Opp.).

In *Sines I*, the Court determined that Respondent had properly invoked the federal journalist's privilege, and that the privilege applied to protect the identity of Respondent's confidential sources.  *See* 2020 WL 6058279, at *4-6.  However, the Court noted that "the federal journalist's privilege is a qualified

---

Bloch in Further Support of Movants' Motion to Compel are referred to as "Bloch 2d Decl., Ex [ ]" (Dkt. #27).

The Court has also considered materials submitted by the parties in connection with the prior motion to compel; references to those materials are made using the citing conventions identified in *Sines I*.  *See* 2020 WL 6058279, at *1 n.1.

one and may be overcome." *Id.* at *3. In determining whether the federal journalist's privilege should be overcome, the Second Circuit has explained that:

> to protect the important interests of reporters and the public in preserving the confidentiality of journalists' sources, disclosure may be ordered only upon a clear and specific showing that the information is: [i] highly material and relevant, [ii] necessary or critical to the maintenance of the claim, and [iii] not obtainable from other available sources.

*Gonzales* v. *Nat'l Broad. Co.*, 194 F.3d 29, 31 (2d Cir. 1999) (quoting *United States* v. *Cutler*, 6 F.3d 67, 71 (2d Cir. 1993)); *see also In re Petroleum Prods. Antitrust Litig.*, 680 F.2d 5, 7 (2d Cir. 1982). Applying this legal standard for overcoming the privilege to the facts before the Court in *Sines I*, the Court explained that Movants had demonstrated that the information sought is "highly material and relevant," and that it is also "necessary or critical to the maintenance of the claim." *Sines I*, 2020 WL 6058279, at *6. However, the Court found that Movants had not demonstrated "that the identity of Respondent's confidential source is unobtainable from other sources." *Id.* at *7.

Regarding the relationship between Movants' discovery efforts in the Underlying Suit and their burden of demonstrating that the recordings and/or identities of the sources are not obtainable from other available sources, the Court explained that:

> Movants have not provided any information about the relationship between their discovery efforts in the Underlying Suit and their efforts to ascertain the identity of Respondent's source and/or to obtain the

3

> recordings.  To the extent Movants believe they have already exhausted all plausible alternative sources in the normal course of discovery in the Underlying Suit, they must provide a record that explains their efforts to investigate this issue.

*Sines I*, 2020 WL 6058279, at *7 n.4.  The Court then denied Movants' motion to compel without prejudice, "with leave to renew upon a more thorough demonstration that Movants have exhausted potential alternative sources."  *Id.*

In response, Movants submitted their renewed motion to compel and supporting papers on November 5, 2020.  (Dkt. #25-26).  Respondent's opposition was due on or before November 19, 2020, and when Respondent failed to submit an opposition, the Court *sua sponte* extended his deadline to respond to November 27, 2020.  (Dkt. #28).  To date, Respondent has not submitted an opposition to the instant motion.  Therefore, the Court considers the renewed motion to compel to be unopposed, fully briefed, and ripe for decision.

## DISCUSSION

### A. Applicable Law

Once established, the federal journalist's privilege is a qualified one and may be overcome.  However, the protection accorded by the privilege "is at its highest when the information sought to be protected was acquired by the journalist through a promise of confidentiality."  *Chevron Corp.* v. *Berlinger,* 629 F.3d 297, 307 (2d Cir. 2011) (internal citation omitted).  To protect the "important interest of reporters in preserving the confidentiality of [their] sources," the Court may override the journalist's privilege and order disclosure

4

"upon a clear and specific showing that the information is: [i] highly material and relevant, [ii] necessary or critical to the maintenance of the claim, and [iii] not obtainable from other available sources." *Schiller* v. *City of New York*, 245 F.R.D. 112, 118 (S.D.N.Y. 2007) (quoting *In re Petroleum Prods. Antitrust Litig.*, 680 F.2d at 7).

### B.   The Court Grants the Renewed Motion to Compel

As noted above — and as explained in greater detail in *Sines I* — the Court has already found the information Movants seek is "highly material and relevant," and that it is also "necessary or critical to the maintenance of the claim," *Sines I*, 2020 WL 6058279, at *6, satisfying the first two prongs of the test to override the journalist's privilege.  Therefore, the only question now before the Court is whether Movants have supplemented the record sufficiently to establish that the confidential information sought is not obtainable from other available sources, thus satisfying the third prong of the test.  *See In re Pishevar*, No. 19 Misc. 503, Dkt. #99 (October 3, 2020) ("*Pishevar II*") (granting renewed application to compel disclosure of confidential source upon showing that "petitioner has exhausted reasonable alternative sources of information," after previously finding that petitioner failed to adequately exhaust such sources).  As described below, the Court finds that Movants have now adequately demonstrated that they have "exhausted reasonable alternative sources." *Id.* at 8.

In *Sines I*, the Court explained that to satisfy the third prong, "Movants are required to 'make a clear and specific showing to the Court that there are

5

no other alternative sources of the identity of the [c]onfidential [s]ource.'" *Sines I*, 2020 WL 6058279, at *7 (alterations in *Sines I*) (quoting *In re Pishevar*, 439 F. Supp. 3d 290, 307 (S.D.N.Y. 2020) ("*Pishevar I*")). Finding that Movants had not made the requisite "clear and specific" showing, the Court explained that "Movants offer only vague assertions that there are no alternative sources, without proof of any efforts that Movants have undertaken to identify Respondent's confidential source or to obtain the recordings purportedly in the source's possession." *Sines I*, 2020 WL 6058279, at *7 (citing Mov. Br. 11; Mov. Reply 6). Movants have since offered extensive proof of their efforts to identify potential sources for the identities of the confidential sources and/or the recordings that those sources purportedly possess. (*See* Mov. 2d Br. 2-4; Bloch 2d Decl., Ex. 1-7). Indeed, Movants have now demonstrated the strong connections "between their discovery efforts in the Underlying Suit and their efforts to ascertain the identity of Respondent's source and/or to obtain the recordings." *Sines I*, 2020 WL 6058279, at *7 n.4.

For example, in denying the first motion to compel, the Court explained that:

> Respondent stated that his source wanted to remain confidential because "there were not many people in the room when those conversations happened, and the source was worried about retaliation." (White Decl. ¶ 2.e). If true, Movants may be able to identify this source by deposing and/or subpoenaing all individuals suspected to be at one of these planning meetings.
>
> * * *
>
> Movants have not described any efforts to depose or subpoena individuals suspected of being present at

> planning meetings for the Rally in order to ascertain the identity of Respondent's source or to locate the recordings Respondent's source allegedly possesses.
>
> * * *
>
> At a minimum, Movants have not ruled out that they may be able to identify the source because the source was one of a limited number of attendees of Rally planning meetings, and is therefore presumably a name already known to Movants.

*Sines I*, 2020 WL 6058279, at *7 (internal citations omitted). In response, Movants have detailed their efforts to identify all individuals suspected of being present at planning meetings, their efforts to depose and/or subpoena such individuals, and the difficulties they have faced in determining who possesses the recordings at issue here. (*See* Mov. 2d Br. 3-4).

Specifically, in the Underlying Suit, Movants "have deposed more than thirty individuals (defendants and non-parties), issued nearly one hundred subpoenas, and filed more than twenty discovery-related motions," but have not yet identified who possesses the recordings. (Bloch 2d Decl. ¶¶ 2, 4). Movants have described how their discovery efforts in the Underlying Suit have been focused on "resolv[ing] the central question to which Respondent (or his source(s)) can apparently shed unique light: what was discussed at certain in-person planning sessions for the [Rally]." (Mov. 2d Br. 2). Thus, nearly all of Movants' extensive discovery efforts have sought to locate recordings of planning meetings for the Rally, and/or determine the identities of any individuals who may possess such recordings. *Cf. Pishevar I*, 439 F. Supp. 3d at 307 (declining to override privilege where petitioner had yet to depose

7

defendants in a related lawsuit, which defendants were likely alternate sources).

Movants have explained that they have sought this information via document requests, interrogatories, and subpoenas from all defendants in the Underlying Suit, and have pursued this information from dozens of non-parties by serving them with subpoenas and deposing them. (*See* Mov. 2d Br. 2-3). As evidence, Movants have attached copies of these discovery requests to their renewed motion. (*See* Bloch 2d Decl., Ex. 1-3). Movants have also illustrated their extensive efforts to use depositions of suspected meeting attendees to locate recordings and/or identify any individuals who may possess recordings, a potential alternative source identified by the Court in *Sines I*. (*See* Mov. 2d Br. 3-4; Bloch 2d Decl., Ex. 4-7). *See also Pishevar II*, 19 Misc. 503, Dkt. #99, at 6-8 (holding that sworn statements of individuals "previously identified [by the court] as potentially having information" sufficiently supplemented prior evidentiary showing to merit overcoming qualified journalist's privilege). *Cf. In re Petroleum Prods. Antitrust Litig.*, 680 F.2d at 8-9 (denying request to overcome journalist's privilege where "there [was] no indication that anyone was asked [at deposition] the simple question [at issue]."); *Persky* v. *Yeshiva Univ.*, No. 01 Civ. 5278 (LMM), 2002 WL 31769704, at *4 (S.D.N.Y. Dec. 10, 2002) (rejecting request to reveal confidential sources where the movant had taken only three depositions). And Movants have previously expressed to the Court that they have faced considerable obstruction and non-compliance in

pursuing discovery in the Underlying Suit, including a court order detaining at least one defendant for civil contempt.  (*See* MTC 4).

Despite significant expenditures of time and resources pursuing the discovery described above with the goal of uncovering the same information essentially sought here, Movants have so far been unsuccessful.  The Court has already found that that Movants have met prongs one and two of the test to overcome the qualified journalist's privilege, *see Sines I*, 2020 WL 6058279, at *6-7, and as demonstrated above, Movants have now provided the Court with a "'clear and specific statement' showing that they have pursued alternative sources," to satisfy the third prong, *id.* at *7.  Therefore, the Court finds that the qualified journalist's privilege should be overcome in this case.  *Accord Pishevar II*, 19 Misc. 503, Dkt. #99.

## CONCLUSION

For the foregoing reasons, Movant's motion is GRANTED and Respondent is hereby ORDERED to disclose to Movants the names and locations of the two confidential sources referred to in his letter dated October 20, 2020.  (*See* Dkt. #25).  Respondent shall provide this information to Movants in writing within fourteen (14) days of the date of this Order.  The Court will view a violation of this Order through the lens of its contempt powers.

SO ORDERED.

Dated:   December 7, 2020
         New York, New York

                                              KATHERINE POLK FAILLA
                                              United States District Judge

*A copy of this Order was emailed by Chambers to:*

Milo Yiannopoulos at: m@milo.net